

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1264-11

**ARTEMIO ORLANDO SANCHEZ, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

**MEYERS, J., filed a dissenting opinion.**

## D I S S E N T I N G   O P I N I O N

The majority holds that statutory county court judges lack the authority to issue a search warrant to be executed outside of their own county. Maj. op. at 10. The judge here had the authority to issue the search warrant. The real issue is whether the police had the authority to execute the warrant outside of Montgomery County. I would remand to the court of appeals to determine whether the search warrant became invalid because it was executed in Harris County.

At the time of Appellant's arrest, a warrant for blood could be issued by a judge of a municipal court of record or county court who is a licensed attorney, or by a judge of a statutory county court, district court, Court of Criminal Appeals, or Supreme Court. TEX. CODE CRIM. PROC. art. 18.01(c). Accordingly, Judge Stewart had the authority to issue the warrant as a magistrate of the Montgomery County statutory court.

The majority confuses the issue and focuses on the judge's authority to issue the warrant outside of Montgomery County, rather than the validity of the warrant when it was executed in Harris County. The judge's authority does not end simply because the warrant was executed in a different county. This authority continues, regardless of the subsequent actions of the police.

Furthermore, the judge did not designate that the warrant be issued in a particular location. With the exception of a search of real property, search warrants for movable objects do not typically include a specific location for the search. The search warrant specifically authorized the search of Appellant. Although Appellant was located in Harris County, the judge did not explicitly designate where the search was to occur.

I believe that the judge properly issued the search warrant under his authority as a statutory county court judge. I would remand the case to the court of appeals to determine whether the execution of the search warrant in Harris County was valid. Because the majority does not consider the correct issue, I must respectfully dissent.

Meyers, J.

Filed: May 16, 2012

Publish